IN THE COUNTY COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

WORLDWIDE AIRCRAFT SERVICES, INC.,
d/b/a JET ICU, a Florida corporation,

Case No.:
Division:

Plaintiff,

vs.

WORLDWIDE INSURANCE SERVICES, LLC,
d/b/a GEOBLUE;
CAREFIRST OF MARYLAND, INC., a corporation

Defendants.

_____/

**COMPLAINT FOR (1) THEFT of SERVICES, (2) QUANTUM MERUIT and (3) CONSPIRACY)**

**General Facts and Background**

WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU, a Florida corporation ("JET ICU"), hereby complain against defendant WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE ("GEOBLUE"), and CAREFIRST OF MARYLAND, INC., a corporation ("CAREFIRST"), as follows:

1. Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. is and was at all times mentioned herein, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial circuit. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

2. JET ICU is and was at all times mentioned herein, a health care provider licensed by the State of Florida to provide air ambulance services. JET ICU provides air transport, via

Page 1 of 10

fixed-wing jet aircraft that are crewed by trained Advanced Life Support medical personnel, for critically ill and injured patients to medical facilities able to treat their conditions. JET ICU must purchase or lease, periodically inspect, and repair their aircraft in accordance with federal law; maintain a qualified flight crew, medical staff and technicians; and incur other associated costs to meet the demands of emergency services. JET ICU's operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees. Additionally, JET ICU provides or procures ancillary ambulance services such as ground ambulance(s), helicopter ambulance(s), and water ambulance(s) to support its mission and services as needed.

3. Defendant WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE (hereafter "GEOBLUE"), was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members, or is the agent or co-venturer or affiliate of Defendant CAREFIRST OF MARYLAND, INC. GEOBLUE is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. GEOBLUE is registered with the Florida Secretary of State as Worldwide Insurance Services, LLC, d/b/a GeoBlue.

4. Defendant CAREFIRST OF MARYLAND, INC. (hereafter "CAREFIRST") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name CareFirst of Maryland. CAREFIRST is a Maryland corporation with its principal place of business in Baltimore, Maryland. Plaintiff is uniformed at this time of the exact contractual or legal relationship between GEOBLUE and CAREFIRST but alleges that the two defendants are jointly responsible for claims processing and payment of providers such as Plaintiff and therefore jointly carryout the functions and work

of a health insurer /health plan. Hereafter CAREFIRST and GEOBLUE shall be collectively referred to as "PLAN" or "HEALTH PLAN."

5.  As of July 13th, 2023, PLAN's member/insured/beneficiary with initials J.B. (hereafter "Patient" or "J.B.") was a participant or member in the HEALTH PLAN and was eligible for benefits thereunder.[1]

6.  On or about July 13th, 2023, Patient was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

7.  As a result of Patient's condition, Patient required, at the request of Patient's then treating physician, immediate air medical transport for appropriate, necessary, and urgent treatment and a higher level of specialized care.

8.  In accord with industry standards and good professional practice, Patient was transported in multiple stages. First, Patient was transported via ALS water ambulance from the cruise ship infirmary in the Bahamas to an ALS ground ambulance for transport to the awaiting jet aircraft. Patient was then flown back to the United States. Finally, upon arrival in Ft. Lauderdale, Florida, the Patient was once again transported via ALS ground ambulance from the aircraft to the receiving facility for emergency treatment. The instant Complaint only concerns JET ICU's claims for the water ambulance from the cruise ship infirmary to the awaiting ground ambulance. JET ICU's billed charge for this claim was $22,500.00, which constituted usual, customary, and reasonable charges for these services.

---

[1] Pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPPA"), JET ICU has limited its disclosure of the identity of J.B., the PLAN participant and patient.

9. HEALTH PLAN paid the ground ambulance portion of the claim for transporting the Patient from the water ambulance to the aircraft and the PLAN paid the air ambulance portion of the claim in full.

10. Plaintiff is informed and believe and based thereon allege that the PLAN or its agent(s) knew, or reasonably should have known about the need to transport Patient, and that such water, ground, and air ambulance care was covered by the Patient's insurance plan/contract.

11. At the time services were provided, JET ICU did not have a pre-negotiated contract with HEALTH PLAN or its agent(s) and was not part of the HEALTH PLAN's provider network.

12. Plaintiff is informed and believes, and based thereon alleges that the HEALTH PLAN and its agent(s) knew or should have known that JET ICU did not have a pre-negotiated contract with the HEALTH PLAN or its agent(s) and was not part of the HEALTH PLAN's provider network, and that JET ICU would charge its usual and customary rate for services rendered to Patient.

13. JET ICU billed defendants and/or their agent(s) for services rendered, by submitting to PLAN a Health Insurance Claim Form Form 1500 and other documents necessary to process JET ICU's request for payment from defendants and/or their agent(s). The amount billed represented JET ICU's own usual and customary rate.

14. Defendants and/or their agent(s) failed to pay JET ICU's charges for the transport of the Patient by water ambulance from the cruise ship infirmary to the awaiting ground ambulance for the necessary higher level of care.

15. All conditions precedent to this action have been performed, waived, or otherwise satisfied.

## COUNT ONE
### (THEFT OF SERVICES, FL Stat., ch. 772.11 by JET ICU against All Defendants)

16. JET ICU incorporates herein by this reference as though fully set forth herein.

17. Thirty days ago, or more, Plaintiff sent written pre-suit notice to both Defendants HEALTH PLAN, pursuant to FL Statutes, Ch. 772.11(1). A copy of Plaintiff's pre-suit notice is attached hereto as EXHIBIT A and incorporated by this reference.

18. As alleged herein, JET ICU rendered water ambulance services to the Patient for transport from the cruise ship infirmary to the awaiting ground ambulance. Patient was insured by PLAN at time of services.

19. PLAN had a duty under contract and/or law to provide, arrange for, and/or cover and insure Patient for emergency services including water, ground, and air ambulance services. PLAN knew, or reasonably should have known, that JET ICU was rendering services to Patient, which PLAN was obligated to cover or insure.

20. PLAN had a duty under Florida law to not commit theft of services, which duty arises under Florida statute including, but not limited to Florida Statutes §812.014.

21. Plaintiff submitted a claim for reimbursement to PLAN, for which PLAN paid Plaintiff nothing for the water ambulance services from the cruise ship infirmary to the awaiting ground ambulance. As of the date Plaintiff submitted its claim, PLAN had actual knowledge that the services had been rendered to its insured Patient, to the PLAN's benefit.

22. PLAN failed to pay JET ICU the reasonable value of its services rendered to Patient.

23. In failing to pay JET ICU for services rendered to Plaintiff, PLAN acted with the intent, or in reckless disregard, to convert and obtain JET ICU's services without paying for

them. PLAN's intent to steal the value of Plaintiff's water ambulance services is demonstrated by, *inter alia*, the fact that PLAN otherwise reimbursed JET ICU for both of the ground ambulance services, and for the air ambulance portion of the transport, but refused to reimburse Plaintiff for the water ambulance services from the cruise ship infirmary to the awaiting ground ambulance.

24. Plaintiff's charges for the reasonable and customary value of its services in providing a water ambulance from the cruise ship infirmary to the awaiting ground ambulance, is $22,500.00. PLAN received the value of these services provided to Patient. JET ICU alleges that this amount constitutes the reasonable and customary value of the services provided. PLAN has and continues to refuse to pay for the reasonable value of these services.

25. Wherefore, JET ICU alleges that these amounts constitute the reasonable and customary value of the services provided.

26. Wherefore, JET ICU prays for damages for the amount of its services rendered to PLAN, in an amount to be proved at trial.

27. Wherefore JET ICU prays for treble damages pursuant to Section 772.11.

## COUNT TWO
## (QUANTUM MERUIT)

28. JET ICU incorporates herein by this reference the preceding paragraphs as though fully set forth herein.

29. As alleged herein, JET ICU, in good faith, rendered emergency healthcare services, water, ground, and air ambulance transport, as defined under federal and/or state law, to the Patient. Patient was reasonably at risk of life or limb.

30. PLAN had an obligation under contract or state or federal law to provide emergency care including, but not limited to water, ground, and air ambulance services, including specifically, the water ambulance used to transport Patient from the cruise ship infirmary to the awaiting ground ambulance.

31. JET ICU provided services to Patient pursuant to Patient's physician or healthcare provider's direction that such services were medically necessary and emergent.

32. PLAN was aware, or reasonably should have been aware, that Patient required emergency water, ground, and air ambulance transport. PLAN was likewise aware, or reasonably should have been aware, that JET ICU was the air ambulance provider chosen by Patient and/or Patient's then-treating physician/provider.

33. JET ICU did, in fact, render emergency water ambulance transport services to Patient. JET ICU billed PLAN in the amount of $22,500.00. JET ICU's billed charges are its usual and customary charges for its services. JET ICU's billed charges are the reasonable, customary, and fair market value for the services provided.

34. PLAN is obligated to provide Patient emergency care coverage including but not limited to water, ground, and air ambulance services. PLAN'S obligation to actually provide this specific coverage is, inter alia, a condition of its licensee to sell insurance under the laws of the state(s) in which it is licensed. PLAN'S license(s) to sell insurance constitutes a significant, if not predominant, economic value of PLAN. PLAN, therefore, received a significant economic benefit from JET ICU's rendition of services to Patient.

35. PLAN failed to reimburse JET ICU for the reasonable, customary, fair market value of JET ICU's services.

36. Wherefore, Plaintiff prays for judgment in its favor against PLAN in an amount to be proved at trial and equal to the reasonable and customary value of JET ICU's services rendered.

## COUNT THREE
## (CIVIL CONSPIRACY)

37. GEOBLUE and CAREFIRST entered into an agreement whereby GEOBLUE would perform some of the legal duties, functions, and business of an insurer for CAREFIRST including but not limited to claims administration and payment of claims.

38. CAREFIRST and GEOBLUE agreed to process claims by providers including JET ICU, in a manner which permitted the Defendants to steal the reasonable value of the services provided by providers including JET ICU, namely, Defendants entered into an agreement to commit theft of services from Jet ICU and other providers.

39. Defendants made this agreement with the intent to commit theft of services from JET ICU and other providers.

40. Defendants' agreement was an agreement to commit an unlawful act, specifically theft, as alleged herein, or to do a lawful act – claims payment- in an unlawful manner.

41. As a result of the Defendant's agreement, Defendants took the over acts in furtherance of the conspiracy of: converting the value of JET ICU's services to their own benefit; sharing in some way the monies earned from their unlawful acts between each Defendants.

42. As a direct and proximate result of Defendants' agreement to steal the services of JET ICU, JET ICU was damaged in the amount of the reasonable value of its services, in an amount to be proved at trial.

7/16/2024 3:01 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 8

43. Plaintiff requests treble damages against each Defendant pursuant to Fla Statutes, Section 772.11.

44. Wherefore JET ICU requests its damages against GEOBLUE and CAREFIRST jointly and severally.

**WHEREFORE**, Plaintiff JET ICU respectfully prays for judgment against PLAN for:

1. Reasonable value of services rendered;
2. Disgorgement of the reasonable value of services rendered and all ill-gotten gain;
3. For damages, to the extent permitted by state or federal law at time of trial;
4. For treble damages on COUNTS ONE and THREE only, to the extent permitted by state law at time of trial;
5. For attorney's fees and costs to the extent permitted by Section 772.11 or state or federal law at time of trial;
6. For any other such relief the Court deems just, fair, appropriate and reasonable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the Defendant, WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE's Registered Agent *Corporation Service Company*, 1201 Hays Street, Tallahassee, FL 32301, and Defendant CAREFIRST OF MARYLAND, INC.'s Resident Agent *The Corporation Trust Incorporated*, 2405 York Road, Suite 201, Lutherville Timonium, MD 21093-2264, on July 16th, 2024.

*[signature]*

Michael Brannigan
The Law Office of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
Brannigan35@yahoo.com
Legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)
*Attorney for Plaintiff*

# The Law Office of Michael Brannigan P.A.

1511 North Westshore Blvd., Suite 650, Tampa, Florida 33607
Office: 352-796-2540•Fax: 352-608-9700

March 28th, 2024

Worldwide Insurance Services, LLC d/b/a GeoBlue
Attn: Legal Dept.
933 First Avenue
King of Prussia, PA 19406

CareFirst BCBS
Medical Appeals/Disputes
P.O Box 14112
Lexington, KY 40512-4112

Re:
DOB:
Ins #:
DOS: 07/13/2023
GA#:
WA#:
AA#:

### Re: Theft of Services – Florida Statutes, Ch. 772.11(1) Pre-suit Demand for Treble Damages

To Whom It May Concern:

      On July 13, 2023, Worldwide Aircraft Services, Inc., d/b/a Jet ICU, provided emergency care services to your insured ▮▮▮▮▮▮. This was for emergency air, water, and ground ambulance transportation.

      The transport of the patient consisted of multiple stages with the first being the transport of the patient via ALS water ambulance, from the discharging facility to the awaiting ALS ground ambulance. Then the patient was transported to the jet aircraft. Next, the patient was flown back to the U.S. under the care of the Jet ICU medical team. Finally, upon arrival in Ft. Lauderdale, Florida, the patient was transported once again via ALS ground ambulance for emergency admission into ▮▮▮▮▮▮ for the necessary higher level of care and treatment.

      Under contract, state and/or federal law, as the patient's health plan, GeoBlue/CareFirst BCBS were obligated to cover and/or provide or arrange for the patient's emergency care services including ground, water, and air ambulance services. Jet ICU provided those critical and necessary services to your insured in their time of need, with your actual and/or constructive knowledge, to your benefit. This is demonstrated by GeoBlue's payment in full for the front ground ambulance. GeoBlue/CareFirst BCBS have refused to pay for the water, air, and back grounds ambulance transport of the patient. To date, GeoBlue/CareFirst BCBS have retained the value of Jet ICU's ambulance services without reimbursing Jet ICU for the reasonable value of its services.

      Jet ICU filed a claim as a non-contracted provider for the reasonable value of its services, totaling $106,599.00 for the air ambulance portion of the claim, $22,500.00 for the water ambulance portion of the transport, and finally $8,810.00 for the ground ambulance from the aircraft to the receiving facility. The above facts demonstrate the theft of Jet ICU's services under Florida law. See, FL. Stat. §§772.11, 812.012-812.037. GeoBlue/CareFirst BCBS accepted the benefit of our services to your insured, without

any intention to properly reimburse Jet ICU for its work. Simply put, GeoBlue/CareFirst BCBS stole services from Jet ICU.

**Pursuant to §772.11(1), demand is hereby made for the sum of $413,727.00 (the value of services multiplied by three).** Your failure to comply with this demand within 30 days may result in the filing of a lawsuit seeking this amount as damages together with attorney's fees and costs.

Kind Regards,

Michael Brannigan, Esq.
Florida Bar#: 0075256
Attorney for Jet ICU