UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

WORLDWIDE AIRCRAFT SERVICES, INC,
d/b/a JET ICU
Plaintiff,

CASE NO.: 8:24-cv-02020-WFJ-AAS

v.

WORLDWIDE INSURANCE SERVICES, LLC d/b/a GEOBLUE, CAREFIRST OF MARYLAND, INC., a corporation

Defendants.
_____/

## MOTION TO DISMISS

Defendant, WORLDWIDE INSURANCE SERVICES, LLC d/b/a GeoBlue, ("GeoBlue") by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure files this Motion to Dismiss the Complaint filed against it by WORLDWIDE AIRCRAFT SERVICES, INC. d/b/a JET ICU  ("Plaintiff"), and in support thereof, states

### I.   FACTUAL BACKGROUND

This is one of several baseless complaints Plaintiff has filed against GeoBlue. Plaintiff alleges that it is a healthcare provider that provides air ambulance services, crewed by medical personnel, to injured or ill patients. Compl. ¶ 2. Plaintiff alleges that it provided emergency transport to an unnamed patient. Compl. ¶ 4-6. The Complaint further alleges that the patient believed they were in "imminent risk" to their health and required immediate urgent medical transportation. Compl. ¶¶ 5-6. Plaintiff alleges (without proof) that GeoBlue a health insurer. Compl. ¶ 3. Plaintiff alleges that it did not have a contract with GeoBlue. Compl. ¶ 11. Plaintiff asserts two counts against GeoBlue; Count One for Theft of Services, Count Two for Quantum

Meruit and Count Three for Civil Conspiracy. However, the Complaint fails to allege the jurisdictional minimum of this Court, fails to attach the alleged contract, and fails to allege GeoBlue's assent (or power to even do so), the Complaint fails and is subject to dismissal.

## II.     MEMORANDUM OF LAW

### A. Standard of Law

Fed. R. Civ. P. 12(b)(6) permits the Court to dismiss a complaint that fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Supreme Court of the United States in Iqbal clarified that the decision in Twombly "expounded the pleading standard for 'all civil actions.'" Id. at 684. The Court explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted.

To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556.) Moreover, the complaint must contain allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir.2001). It should be noted that pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curium).

As a threshold matter Plaintiff has failed to plead this Court's jurisdictional minimum required to bring such a claim. Plaintiff's Complaint contains allegations of relatively small outstanding bills, but does not plead the circuit court jurisdictional threshold. On January 1, 2023, county court jurisdictional thresholds were increased to $50,000. The changes were proposed by the Appellate Court Rules Committee, Civil Procedure Rules Committee, and Small Claims Rules Committee in response to a Supreme Court directive. It was prompted by changes to Ch. 2019-58, Laws of Florida, that the Legislature approved in 2019. Plaintiff's failure to allege damages in excess of $50,000 renders the Complaint outside of the jurisdiction of this Court and the Complaint is therefore properly dismissed.

### B. *Plaintiff Fails to Attach Necessary Documents*

Plaintiff fails to attach necessary documents upon which it relies to bring its action. By its own allegations, Plaintiff alleges that it was induced to provide services by the existence of an alleged contractual relationship between the unnamed patient and GeoBlue through which Plaintiff alleges GeoBlue owes it the value of its services. Thus, Plaintiff's entire claim arises from a contract it has failed to attach to the Complaint.[1]

It is axiomatic that it is the responsibility of a plaintiff to provide the Court with all documents upon which its alleged cause of action is based. *Winn-Dixie Stores, Inc. v. Sams*, 281 So. 2d 47 (Fla. 3d DCA 1973). Indeed, Florida Rule of Civil Procedure 1.130(a) states, in relevant part, "All bonds, notes, bills of exchange, contracts, accounts, or documents upon which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to

---

[1] GeoBlue notes that Plaintiff cannot attach this alleged contract because no such contractual relationship exists between the unnamed patient and GeoBlue for the services provided by Plaintiff as described in this Complaint, a fact Plaintiff is well aware of, and this Complaint is frivolous.

the pleadings, shall be incorporated in or attached to the pleading." *See* Rule 1.130, Florida Rules of Civil Procedure. Further, when a party fails to attach the necessary exhibit under Rule 1.130(a), Florida Rules of Civil Procedure, the opposing party may attack the failure to attach the necessary exhibit through a motion to dismiss. *See Samuels v. King Motor Co. of Ft. Lauderdale*, 782 So. 2d 489 (Fla. 4th DCA 2001) (citing *Safeco Ins. Co. v. Ware*, 401 So. 2d 1129 (Fla. 4th DCA 1981). Plaintiff has brought suit alleging the existence of rights contained in a document but Plaintiff fails to attach this crucial document to its Complaint, and dismissal of both Count One and Count Two is therefore appropriate.

### C. The Complaint is a Shotgun Pleading

The Complaint is an impermissible shotgun pleading that must be dismissed. "A shotgun pleading is a pleading that lacks the minimum clarity, brevity, or coherence required by Federal Rules of Civil Procedure 8 and 10." *Cardinal v. Haines City, Fla.*, No. 8:19-CV-3137-KKM-TGW, 2021 WL 3418814, at *1 (M.D. Fla. Aug. 5, 2021).

The Complaint must be dismissed for commingling separate and distinct claims reincorporating one into the other. *Du v. McDonough,* No. 8:22-CV-1526-CEH-TGW, 2023 WL 4456873, at *1 (M.D. Fla. July 11, 2023). Such multiple count incorporation not only creates difficulty in framing a proper response to each cause of action, but it also often leads to fatal inconsistencies. Thus, the Complaint should be dismissed as it is an improper shotgun pleading that incorporates by reference each and every allegation against GeoBlue, which renders it difficult, if not impossible, to frame an adequate response.

### D. Plaintiff Fails to Allege Essential Elements of Count Two

Additionally, as to Plaintiff's Quantum Meruit claim at Count Two, Plaintiff fails to allege that GeoBlue agreed or assented to Plaintiff providing any service to anyone. In fact, the

Complaint concedes the opposite, as Plaintiff acknowledges it did not have a contract or agreement with GeoBlue. *See* Compl. ¶ 10. This is a fatal omission.

> To satisfy the elements of quantum meruit, a plaintiff must allege facts that, taken as true, show that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it.
>
> *See W.R. Townsend Contracting, Inc. v. Jensen Civ. Const., Inc.*, 728 So. 2d 297, 305 (Fla. 1st DCA 1999).

Notably, the Complaint does not allege that GeoBlue assented or agreed to Plaintiff's services. (In fact, the Complaint alleges that the claim was denied. *See* Compl. Count One ¶ 5) As a result, given that Plaintiff alleges it provided services to a non-party patient on a sudden and emergency basis, Plaintiff cannot and has not alleged that GeoBlue <u>assented</u> to Plaintiff's services or the bills received for same. Accordingly, dismissal of count Two is appropriate.

### E. Plaintiff's Civil Conspiracy Count Fails

To assert a cause of action for civil conspiracy, Plaintiff must allege, and be able to prove: (1) the existence of an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the execution of some overt act in pursuance of the conspiracy; and (4) damages suffered by the Plaintiff as a result of the conspiracy. *See Phillip Morris USA, Inc. v. Russo*, 175 So. 3d 681 at FN 9 (Fla. 2015).

Therefore, Florida law does not recognize a cause of action for civil conspiracy absent an actionable underlying wrong. *See Raimi v. Furlong*, 702 So. 2d 1273 (Fla. 3d DCA 1997); see also *American Diversified Ins. Services, Inc. v. Union Fidelity Life Ins. Co.*, 439 So. 2d 904 (Fla. 2nd DCA 1983) (holding that conspiracy is limited to cases based on an independent tort or economic boycott); *Liappas v. Augoustis*, 47 So. 2d 582 (Fla. 1950) (the "gist of a civil action for conspiracy

is not the conspiracy itself, **but the civil wrong which is done pursuant to the conspiracy**…"). Because the alleged underlying wrong, for violation of RICO, is procedurally and substantively defective, the conspiracy claim is likewise subject to dismissal. *See Palm Beach County Health Care Dist*, 13 So. 3d 1090 at 1096 ("Since the counts regarding the goals of the conspiracy-defamation and tortious interference-fail, so too the conspiracy count must fail").

Furthermore, absent sufficient factual allegations demonstrating the existence of a *plausible* agreement between the parties to conspire against Plaintiff, the civil conspiracy claims must fail. *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1320 (S.D. Fla. 2014) (discussing Florida law); *see Chiquita Int'l Ltd. v. Fresh Del Monte Produce, N.V.*, 749 So. 2d 578, 579 (Fla. 3d DCA. 2000) (holding that the complaint was insufficient to state a cause of action for civil conspiracy because it could not allege sufficient facts to establish the existence of an agreement between parties to commit an underlying tort or wrong.) Moreover, bare assertions of a conspiracy will not suffice to show the existence of the necessary conspiratorial agreement to maintain a civil conspiracy claim. *See Id.*; *see also Bond v. Koscot Interplanetary, Inc.*, 246 So. 2d 631, 635 (Fla. 4th DCA 1971). Accordingly, Plaintiff's civil conspiracy cause of action fails on all accounts and levels and must be dismissed, with prejudice.

### III.   INCORPORATION BY REFERENCE

In the interest of brevity, Citizens hereby adopts and incorporates as if fully included herein those arguments and grounds for dismissal as presented by any other Defendant, to the extent that such support the relief sought herein.

### IV.   CONCLUSION

**WHEREFORE**, Defendant WORLDWIDE INSURANCE SERVICES, LLC d/b/a GEOBLUE respectfully requests this Honorable Court enter an Order: (1) dismissing

Complaint *with prejudice* as appropriate; (2) award Defendant its reasonable costs and attorneys' fees pursuant to Fla. Stat. § 772.11 and *Island Travel & Tours Co. v. MYR Indep., Inc.,* 307 So. 3d 829 (Fla. 3d DCA 2020) and enter any such other and further relief as the interests of justice may require or permit.

        LYDECKER LLP
*Attorneys for WORLDWIDE INSRURANCE SERVICES, LLC d/b/a GeoBlue*
1221 Brickell Avenue, 19th Floor
Miami, Florida  33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

*/s/ Stephen Hunter Johnson*
STEPHEN HUNTER JOHNSON
Florida Bar No.: 12362
shj@lydecker.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed through the e-portal and this 13th day of September, 2024 and served to all counsel of record.

        */s/ Stephen Hunter Johnson*
        Stephen Hunter Johnson