UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLDWIDE AIRCRAFT SERVICES INC.,
d/b/a JET ICU, a Florida corporation,

    Plaintiff,

v.                                                                  Case No. 8:24-cv-02020-WFJ-AAS

WORLDWIDE INSURANCE SERVICES, LLC.,
d/b/a Geoblue;

CAREFIRST OF MARYLAND, INC.
a corporation,

    Defendants.
_____/

## ORDER

Before the Court is CareFirst of Maryland's Motion to Dismiss Plaintiff's Complaint filed by Plaintiff Worldwide Aircraft Services, Inc. d/b/a Jet ICU ("Jet ICU" or the "Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 21. Plaintiff filed a response in opposition to the motion. Dkt. 25. As explained below, Defendants' motion to dismiss is denied as moot, and the Court *sua sponte* remands the case back to state court for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Jet ICU alleges that on or about July 13, 2023, J.B. (hereinafter referred to as "Patient") was an insured beneficiary under a health insurance policy

provided by Defendants Geoblue and CareFirst. Dkt. 1-1 ¶ 5. On the same day, Plaintiff contends that Patient suffered a medical incident on a cruise ship that required emergency air transportation from the Bahamas to Ft. Lauderdale, Florida. *Id.* ¶¶ 6–8. The treating physician determined immediate air medical transportation was appropriate and necessary for the treatment of Patient's condition. *Id.* ¶ 7.

At the time of the air transportation, Plaintiff did not have a pre-negotiated contract with Defendants, and Plaintiff was not part of Defendants' provider network. *Id.* ¶ 11. Following the transportation of Patient, Plaintiff billed Defendants for the ground, air, and water transportation services it rendered based on its "usual and customary rate." *Id.* ¶¶ 8, 12–13. Defendants fully paid Plaintiff's claim for the ground ($8,810) and air ($106,599) ambulance portions of the trip but did not pay the remaining $22,500 for the water ambulance transportation from the cruise ship infirmary to the Bahamas. *Id.* ¶ 8.

Plaintiff originally filed the Complaint in state court and raised three counts under state law: (1) Theft of Services under Fla. Stat. § 772.11; (2) Quantum Meruit; and (3) Civil Conspiracy. *See* Dkt. 1-1.

Defendants removed the case on August 23, 2024, asserting that "[t]his action is properly removed from state court as a civil action in which this Court has *original jurisdiction based on ERISA's complete preemption doctrine*. It is removable without regard to the citizenship or residence of the parties." Dkt. 1 ¶ 18 (emphasis

2

added). Subsequently, Defendant CareFirst filed a motion to dismiss, arguing this Court lacks personal jurisdiction over CareFirst, Plaintiff's state law claims are "completely preempted" by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), and the Complaint fails to sufficiently state a cause of action on all counts. *See* Dkt. 21.[1]

## LEGAL STANDARD

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## DISCUSSION

Although a motion to remand has not been filed in this case, the Court is required to satisfy itself that it may exercise proper jurisdiction over the claims in the case. *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua*

---

[1] Defendant GeoBlue also filed a motion to dismiss in this case. *See* Dkt. 19. The Court, however, dismissed the motion without prejudice for failure to comply with Local Rule 3.01(g).

3

*sponte* whenever it may be lacking."). Based on a careful review of the pleadings, the Court finds Defendants' motion to dismiss is mooted because the Court lacks subject matter jurisdiction over Plaintiff's state law claims. As discussed below, the pleadings fail to show ERISA completely preempts Plaintiff's state law claims.[2]

## I.     Remand, the Well-Pleaded Complaint Rule, and ERISA

Whenever subject matter jurisdiction is in doubt, the Court has an affirmative obligation to review jurisdiction *sua sponte* prior to moving forward with a case. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Here, the Court's subject matter jurisdiction is predicated on federal question jurisdiction. Specifically, Defendants' notice of removal states Plaintiff's claim entirely arises under ERISA. Dkt. 1 ¶ 18. However, upon reviewing the motion and response, this Court questions whether it has subject matter jurisdiction over the instant case. Thus, the Court will *sua sponte* review its purported federal question jurisdiction under ERISA and will consider the briefings of the parties only to the extent that they address such jurisdiction prior to ruling on the motion to dismiss. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously ensure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.");

---

[2] Because this case is remanded, the Court will neither address Defendant CareFirst's personal jurisdiction argument nor Plaintiff's argument regarding the constitutionality of ERISA.

4

*see also Romandetti v. First Choice Healthcare Sols., Inc.*, No. 6:19-cv-436-Orl-41GJK, 2020 WL 13031445, at *2 (M.D. Fla. Jan. 8, 2020) (conducting a *sua sponte* review of whether the court had subject matter jurisdiction in an ERISA preemption case); *Infinity DME, LLC v. Aetna Health, Inc.*, No. 9:16-CV-81659, 2017 WL 7788085, at *1 (S.D. Fla. Jan. 17, 2017) (same).

As a general matter, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392. Thus, a case "brought upon a state statute does not arise under an act of Congress or the Constitution of the United States." *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 116 (1936).

Moreover, it is now settled law "that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. For example, defensive preemption or "ordinary preemption" is subject

to the well-pleaded complaint rule and cannot be invoked to provide federal question jurisdiction. *See Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352–53 (11th Cir. 2003). While ordinary/defensive preemption may be raised as an affirmative defense to state-law claims, it will not provide a basis for removal to federal court. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343–44 (11th Cir. 2009).

An exception, however, to the well-pleaded complaint rule is the doctrine of "complete preemption." *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). Unlike defensive/ordinary preemption, complete preemption is a "narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims." *Geddes*, 321 F.3d at 1352–53 ("The federal preemptive power may be complete, providing a basis for jurisdiction in the federal courts. . ."). "Complete preemption, also known as super preemption, is a judicially recognized exception to the well-pleaded complaint rule . . . [and] differs from defensive preemption because it is jurisdictional in nature rather than an affirmative defense." *Conn. State Dental*, 591 F.3d at 1343–44.

ERISA is one federal statute that allows for the "complete preemption" of state law claims. While ERISA allows for both types of preemption, only complete preemption provides a federal court with subject matter jurisdiction. *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1014 (11th Cir. 2003).

## II.     ERISA's Complete Preemption Standard

ERISA's complete preemption test can turn an "ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Conn. State Dental*, 591 F.3d at 1344. Complete preemption comes from ERISA's civil enforcement provision in § 502(a). *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal quotations omitted). This section is "a comprehensive civil enforcement scheme," which indicates "Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." *Id.* at 208–09. "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209.

In *Davila*, the Supreme Court laid out a two-part test to determine whether a Plaintiff's state law claims are completely preempted under ERISA. *Id.* at 210. As the Eleventh Circuit summarized, "[t]he *Davila* test thus requires two inquiries: (1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim." *Conn. State Dental*, 591 F.3d at 1345. "If any part of the *Davila* test is not met, the Court lacks subject-matter jurisdiction and must remand the case." *Sarasota Cnty. Pub. Hosp. Dist. v. Cigna Healthcare of Fla., Inc.*, No. 8:23-CV-263-KKM-TGW, 2023 WL 2867064, at *3 (M.D. Fla. Apr. 10, 2023) (citing *Conn. State Dental*, 591 F.3d at 1344–45).

The first *Davila* inquiry has two sub-requirements. The defendant must show that (1) the plaintiff's claim falls within the "scope" of ERISA, and (2) the claimant has standing to sue under ERISA. *Conn. State Dental*, 591 F.3d at 1350. The scope requirement asks the Court to distinguish between "rate of payment" and "right of payment" claims to determine whether the claim falls within ERISA's scope. *Id.* Generally, a right of payment claim falls within ERISA's scope, whereas a rate of payment claim does not. *See Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1302, 1304 (11th Cir. 2010).

    a. *Plaintiff's Claims are Outside the Scope of ERISA*

The Court is not convinced that Plaintiff's claims are completely preempted by ERISA. Instead, the Court finds that Plaintiff's claims are more akin to the rate of payment claims.

"To address whether [a] claim falls within the scope of ERISA, the Eleventh Circuit has adopted a distinction between two types of claims . . . those challenging the 'rate of payment' pursuant to the provider-insurer agreement, and those challenging the 'right to payment' under the terms of an ERISA beneficiary's plan." *Sheridan Healthcorp, Inc. v. Aetna Health Inc.*, 161 F. Supp. 3d 1238, 1245 (S.D. Fla. 2016) (*citing Borrero*, 610 F.3d at 1302). "The distinction between rate of payment and right to payment, therefore, is whether the claims are payable at all." *Gables Ins. Recovery v. United Healthcare Ins. Co.*, 39 F. Supp. 3d 1377, 1384 (S.D.

8

Fla. 2013) (citing *Borrero*, 610 F.3d at 1302). As such, a rate of payment claim is generally alleged "when a provider is disputing the amount of payment." *Id.* Conversely, a right to payment claim is alleged "when the provider is claiming nonpayment because the insurer denied payment altogether for 'medically necessary' services—a coverage determination defined by the ERISA plan." *Id.*

Here, Jet ICU alleges Defendants paid for most of the transportation services it rendered but takes issue with the amount of payment made. Dkt. 1-1 ¶¶ 8-9. As described by one district court, "[t]his is a classic 'rate of payment' claim that does not fall under ERISA." *Orthopaedic Care Specialists, P.L. v. Cigna Health & Life Ins. Co.*, No. 20-82162-CIV-SINGHAL, Dkt. 36 at 6 (S.D. Fla. Feb. 24, 2021). Jet ICU makes no allegations that Defendants *completely denied reimbursement* based upon the terms of the ERISA plan or failed to comply with the procedural requirements of ERISA. *See e.g.*, *Conn. State Dental*, 591 F.3d at 1351 (finding a "right to payment" where complaint alleged that insurer denied claims through use of guidelines that did not comply with accepted medical/dental treatment standards). Instead, Plaintiff asserts it was *not fully compensated* when Defendants only paid $115,409 for the ground and air transportation but not the remaining $22,500 for the water transportation. Dkt. 1-1 ¶¶ 8-9, 14 ("Defendants . . . *failed to fully pay* Jet

9

ICU's charges for the transportation of Patient by water ambulance from the cruise ship infirmary. . .") (emphasis added).[3]

Based on Defendants' underpayment, Jet ICU seeks relief solely under Florida statutory and common law and does not allege facts that would raise a "right of payment" claim. By asserting claims for civil theft, civil conspiracy, and quantum meruit, Jet ICU is seeking compensation for rates that are reasonable (plus treble damages under § 772.11) regardless of whether such compensation is allowed under the plan administered by Defendants. The issue does not require an interpretation of an ERISA plan, but rather whether Jet ICU can obtain the remaining amount of $22,500 under Florida law. *See Sarasota Cnty. Pub. Hosp. Dist.*, 2023 WL 2867064, at *4 ("[The plaintiff] seeks recovery of additional payment under Florida law. Resolution of Sarasota Memorial's claim, then, does not require interpretation of ERISA plans or obligations, but rather an analysis of Florida law.").

---

[3] District courts in this jurisdiction agree that a plaintiff makes a "rate of payment" claim when the insurance company only partially pays or underpays a healthcare provider for services rendered. *See e.g.*, *Surgery Ctr. of Viera, LLC v. United Healthcare, Inc.*, No. 6:19-cv-926-Orl-78DCI, 2020 WL 13389232, at *3 (M.D. Fla. Mar. 18, 2020); *Surgery Ctr. of Viera, LLC v. Cigna Health and Life Ins. Co.*, No. 6:19-cv-2110-Orl-22DCI, 2020 WL 686026, at *7 (M.D. Fla. Feb. 11, 2020); *Gulf-to-Bay Anesthesiology Assocs., LLC v. United Healthcare of Fla., Inc.*, No. 8:18-CV-233-EAK-AAS, 2018 WL 3640405, at *3 (M.D. Fla. July 20, 2018); *Orthopaedic Care Specialists, P.L. v. Cigna Health & Life Ins. Co.*, No. 20-82142-CIV, 2021 WL 389130, at *2 (S.D. Fla. Jan. 15, 2021); *REVA, Inc. v. HealthKeepers, Inc.*, No. 17-24158-CIV, 2018 WL 3323817, at *3 (S.D. Fla. July 6, 2018); *REVA, Inc. v. United Healthcare Ins. Co.*, No. 17-24210-Civ, Dkt. 37 at 9 (S.D. Fla. June 11, 2018).

Further, Plaintiff is not raising a hybrid claim with both rate of payment and right to payment challenges. Generally, hybrid claims are still completely preempted by ERISA. *See Conn. State Dental*, 591 F.3d at 1351. Even a single right to payment claim under an ERISA-regulated plan can establish complete preemption. *Borrero*, 610 F.3d at 1303. Jet ICU, however, only raises a single rate of payment challenge for the water transportation between the cruise ship and awaiting ground ambulance. Dkt. 1-1 ¶ 8. The rest of Plaintiff's reimbursement claim for ground and air transportation has already been paid in full by Defendants without any denials. *Id.* ¶ 9. Thus, Plaintiff is only disputing the rate of payment made by Defendants for its services. *See Surgery Ctr. of Viera, LLC v. UnitedHealthcare, Inc.*, No. 6:19-cv-926-Orl-78DCI, 2020 WL 13389232, at *3 (M.D. Fla. Mar. 18, 2020).

Defendants' pleadings provide little support for complete preemption under ERISA. When discussing ERISA's scope inquiry, Defendants briefly state, "[a]pplying [*Davila*'s] first step to the allegations of this dispute, it is clear that JET ICU's claims are intended to dispute the way in which its claim for benefits was handled. At its core, the Complaint alleges that Defendants failed to discharge their duties under the ERISA plan." Dkt. 21 at 22.[4] The Court disagrees. This dispute is

---

[4] Defendants' notice for removal, Dkt. 1, is even less helpful. When discussing complete preemption, Defendants summarily conclude "[b]oth elements are satisfied here. Equipped with an assignment from its patient J.B., JET ICU 'could have' brought its claim under ERISA § 502(a)." Dkt. 1 ¶ 12. There is no analysis on how Plaintiff's claim is within the scope of ERISA.

11

not about Defendants' failure to discharge their duties under the ERISA plan. On the contrary, the Complaint is clear that Defendants *did discharge* some of their duties under the ERISA plan by fully paying certain portions of Jet ICU's claim. *See* Dkt. 1-1 ¶ 9. Since Plaintiff's Complaint is alleging Defendants failed to pay them for one portion of the claim, Jet ICU's claim is more akin to a rate of payment dispute. *See Surgery Ctr. of Viera*, 2020 WL 13389232, at *3 ("In the Complaint, Plaintiff alleges that Defendants made payment on the claim but does not allege that payment was refused pursuant to any interpretation of the plan. Rather, Plaintiff alleges that Defendants underpaid the claim. Therefore, Plaintiff's claims are more akin to a rate of payment dispute. . . .") (internal quotation marks omitted).

Because Plaintiff's Complaint is only raising a rate of payment challenge and such claims fall outside the scope of ERISA § 502(a), no further analysis under *Davila* is necessary. *See Borrero*, 610 F.3d at 1304 (finding both elements of the *Davila* test must be met to establish complete preemption). Accordingly, remand is appropriate because this Court lacks subject matter jurisdiction to preside over the instant case. *See* 28 U.S.C. section 1447(c).[5]

---

[5] The parties have not set forth any alternative basis for this Court's jurisdiction, and it does not appear from the face of the Complaint that the Court would have diversity jurisdiction. Jet ICU appears to be incorporated and headquartered in Florida. Dkt. 1-1 at 1. At least one defendant—GeoBlue—seems to be incorporated in Florida with its principal place of business in the State. *Id.* at 3. Thus, complete diversity does not appear to be present here. 28 U.S.C. § 1332(c)(1).

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. Defendants' Motion to Dismiss, Dkt. 21, is **DENIED without prejudice as moot** to the extent Defendants' arguments are premised on this Court's subject matter jurisdiction. Ruling on the motion to dismiss is otherwise **DEFERRED** for proper consideration by the state court.

2. The Clerk is directed to **REMAND** this action to the County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case No. 24-CC-039937, and **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on October 15, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record